BOLIN, Judge.
This suit was brought by the plaintiff for injuries sustained on March 9, 1958, when she slipped and fell on a flight of entrance steps at her apartment which was in the home of defendants. Mrs. Brad-berry had been a tenant in this same apartment for some fourteen years prior to date of this accident. Plaintiff was legally separated from her husband at the time of-accident, and was, therefore, qualified to institute this action.
Plaintiff testified that the accident occurred as she was descending the steps in question to pick up her newspaper which had been tossed in the front yard near the> foot of the steps. At the time, she wasi wearing a nightgown, housecoat and flat slippers, the latter being held on her feet by toe thongs. She slipped on the top step and sustained the injuries sued for, but she could not explain with any degree of certainty what caused her to slip.
It was shown that the steps had been reconstructed about seven years prior to the-accident and consisted of eight risers seven, inches high, each with a one-eighth inch, forward slope to cast off rain water from the wooden treads. No hand rail was provided as had been prior to the reconstruction and no shelter was built over the steps.
Two building contractors testified that the steps were of sound construction and of the type usually found in connection with structures of this type, and this is corroborated by photographs of the steps taken after the accident. , .
Mrs. Bradberry testified that at the time; of the accident she knew the steps were, wet from falling rain. She also stated she had used the steps daily since their construction and had no prior difficulty.
There is no serious dispute as to the facts. The plaintiff has alleged negligence on the part of defendants in not providing a shelter over the steps to prevent them from becoming wet; in constructing the treads of the steps from wood which became slippery when wet; and in failing, to provide a hand rail for those using the steps.
The trial court entered judgment for defendants, and in connection therewith, assigned excellent reasons. From which judgment, plaintiff has perfected a devolu-tive appeal to this Court.
*443 We think that plaintiff’s contentions are without merit. Her case hinges ■on a finding of negligence on the part of her landlord in the maintenance and construction of the steps. In such cases recovery must be founded upon some fault of the owner of the building. The standard of care required by the owner is well stated in Chaix v. Viau, La.App.Orleans, 1943, 15 So.2d 662, 663 as follows:
“While it is true that the owner of a building is liable for the vices and defects of construction or for his failure to make adequate .repairs, this does not mean that he is an insurer of the safety of the occupants of the house for accidents which may befall them through their lack of ordinary observation and care. The vices and defects spoken of in the Articles of the Civil Code must be substantial or those which are likely to cause injury to a reasonably prudent person.”
The failure to provide dry steps is not negligence per se and we find that plaintiff’s contention in this respect is answered in the negative by Lawson v. D. H. Holmes Co., La.App.Orleans, 1941, 200 So. 163, rehearing denied.
There is no doubt in our minds that these steps were of sound construction and lacking in any vice or defect sufficient to constitute negligence on the part of defendants. Therefore, the defendants were without fault in the maintenance of the steps.
Plaintiff’s principal argument on appeal is that the failure to provide a hand rail for the safety of those using the steps constituted negligence. This contention is without merit as the owner of a building is not required to furnish a foolproof step, but only such a step that can be negotiated in safety by the exercise of ordinary care. See Madere v. Tranchina, La.App.Orleans, 1953, 62 So.2d 871.
As was said in Golden v. Katz, La.App. Orleans, 1943, 11 So.2d 412, 414:
“The pertinent provisions of the Civil Code are articles 670, 2315 and 2322 * * * But those articles do not provide for liability of an owner because his building is not equipped with all safeguards against possible dangers which might be encountered in the use of the premises. They merely make him accountable for his neglect to keep his building in repair and for defects therein which are caused by vices of original construction. The failure to provide a bannister on a stairway cannot be regarded as a vice in construction in the absence of a building law or ordinance requiring it.”
Plaintiff further contends that a regulation of the Minimum Property Requirements of the Federal Housing Authority requires a hand rail .for steps such as these in question. Such a requirement, however, has no application to the case at bar as the jurisdiction of the Federal Housing Authority has not been shown. Even if applicable, there must be a showing that the accident is chargeable to the violation. Gosselin v. Stilwell, La.App. Orleans, 1955, 78 So.2d 235.
The record fails to show that plaintiff has proven that any defect in the premises was responsible for her injuries. In fact, our brother below aptly concluded “there is nothing to show what actually caused this accident except that she slipped”. This, in itself, is not sufficient evidence to maintain the burden of proof assessed to plaintiff herein.
Plaintiff has failed to show that there wa9 any vice or defect in the steps or violations of any applicable building requirements which caused the accident and her case, therefore, is unsupported by law and fact and the judgment of the lower court is affirmed at appellant’s cost.
Affirmed.