174 So.2d 238 (1965)
Saul MONTGOMERY, Individually and In His Capacity as Administrator of the Estate of his Unemancipated Minor Child, Randolph Montgomery,
v.
Francis T. CANTELLI and Indemnity Insurance Company of North America.
No. 1796.
Court of Appeal of Louisiana, Fourth Circuit.
April 5, 1965.
Rehearing Denied May 3, 1965.
Writ Refused June 28, 1965.
*239 Dowling & McBride, John P. Dowling, New Orleans, for plaintiffs-appellees.
Lemle & Kelleher, Paul B. Deal, New Orleans, for defendants-appellants.
Before McBRIDE, REGAN and YARRUT, JJ.
REGAN, Judge.
The plaintiff, Saul Montgomery, instituted this suit individually and in his capacity as the administrator of the estate of his minor child, Randolph Montgomery against the defendants, Francis T. Cantelli and his liability insurer, Indemnity Insurance Company of North America, endeavoring to recover the sum of $30,000.00, representing injuries and damages incurred respectively by the child and himself as the result of the child having consumed flaked paint which emanated from the front door of a residence rented to the plaintiff by Cantelli.
The defendants answered and denied the relevant allegations of the petition, and alternatively pleaded the contributory negligence of the plaintiff in omitting to properly supervise the activities of his child.
In addition thereto, the defendants pleaded several exceptions, and more pertinently the exception of no cause of action.
The trial hereof occurred before a jury, which returned a verdict in favor of the plaintiff in the amount of $10,000.00.
From a judgment rendered in conformity with the jury's verdict, the defendants have prosecuted this appeal.
An analysis of the record together with the oral argument of counsel discloses that we are initially relegated to a consideration of the issue raised by the defendants in pleading the exception of no cause of action. Obviously if the petition does not assert a cause of action, any discussion of the evidence adduced herein or other issues arising therefrom would simply amount to a futile judicial gesture.
The petition reveals that the plaintiff is the father and administrator of the estate of his three-year-old son, Randolph Montgomery, and that the defendant is the lessor of the premises located in 208 Cherokee Street, in the City of New Orleans, which were rented to and occupied by the plaintiff and his family when the incident which forms the subject matter of this litigation occurred. It is alleged that on or about May 6, 1960, the child picked dry and flaky paint from the front door and ate it. As a result of the ingestion of this paint, which contained 0.82% lead, the child contracted lead poisoning.
*240 The plaintiff asserted that the child's injuries[1] resulted from Cantelli's failure to inspect and discover vices and defects which existed in the premises. In addition thereto, the plaintiff predicates the defendants' liability on the rationale appearing in articles 670 and 2322 of the LSA-Civil Code.[2]
We are convinced that the defendant was not at fault in merely permitting dry or flaky paint to remain on the front door of the premises. Obviously, it would be too great a burden to impose upon a lessor, that is, the obligation of maintaining the exterior of his property so as to avoid the occurrence thereon of dry or checked paint, particularly when we consider the nature of the climate which prevails in this vicinity. We are equally convinced that the defendant herein could not have reasonably foreseen that a child would pick paint flakes from the door and eat them.
In view of what we have said hereinabove, we are of the opinion that the petition does not disclose a cause of action against the defendants predicated on an accusation of negligence.
The petition also asserts that by virtue of the rationale emanating from articles 670 and 2322 of the LSA-Civil Code, the plaintiff is liable for the ruin and/or fall of the building and its appurtenant parts even if he possessed no knowledge of these vices and defects and even if they were latent.
Article 670 is inapplicable to the facts hereof. Judges, on innumerable occasions, have reasoned that this article is applicable only to persons who are passing by the premises and incur injuries as a result of its ruin.[3] The ratiocination thereof is too well crystallized to require further discussion.
It is equally clear that a lessor is not an insurer of the safety of his tenants.[4] His liability may not be extended so as to include damages for injuries resulting from an abnormal and unexpected use of the property. If that portion of the premises causing the injury would be safe if used in the manner in which the lessor is entitled to assume it will be utilized, he may not be held liable for injuries incurred by an unreasonable or extraordinary use thereof.[5]
To reiterate, it is abundantly clear that the defendant cannot be made to respond in damages for the injuries sustained by the Montgomery child. It would be ludicrous to expect the lessor to protect the lessee or any member of his family from injuries incurred as a result of eating a portion of the premises. Such gastronomic culinary impulses are, to say the least, abnormal and unexpected, and could not reasonably be anticipated by the lessor. Therefore, we are led to the inevitable *241 conclusion that the defendant is not liable for the very unusual injury incurred by the plaintiff's child.
For the foregoing reasons, the judgment of the lower court is reversed, and judgment is hereby rendered in favor of the defendants dismissing the plaintiff's suit. All costs hereof are to be paid by the plaintiff.
Reversed and rendered.
NOTES
[1] The child's father sued for mental anguish resulting from the child's injuries, but the trial court maintained an exception of no cause of action as to this part of the suit. No appeal was prosecuted therefrom; therefore, this aspect of the case is not posed for our consideration.
[2] "Art. 670. Every one is bound to keep his buildings in repair, so that neither their fall, nor that of any part of the materials composing them, may injure the neighbors or passengers, under the penalty of all losses and damages, which may result from the neglect of the owner in that respect."

"Art. 2322. The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction."
[3] Ciaccio v. Carbajal, 142 La. 125, 76 So. 583; McConnell v. Lemley, 48 La.Ann. 1433, 20 So. 887, 34 L.R.A. 609.
[4] See Bradberry v. Dispenza, La.App., 125 So.2d 441.
[5] Mosher v. Burglass, La.App., 170 So. 416; Brown v. Pons, La.App., 147 So. 560, 561; Glain v. Sparandeo, 119 La. 339, 44 So. 120; Muller v. Stone, 27 La.Ann. 123.