265 So.2d 661 (1972)
A. G. CRAWFORD, Plaintiff-Appellant,
v.
Roger E. WHELESS et al., Defendants-Appellees.
No. 11867.
Court of Appeal of Louisiana, Second Circuit.
June 27, 1972.
*662 Ford E. Stinson, Benton, for appellant.
Brittain, Carver & Williams, by Jack O. Brittain, M. Hampton Carver, Natchitoches, for appellees.
Before AYRES, HEARD, and HALL, JJ.
HALL, Judge.
This is a tort action by A. G. Crawford against Roger E. Wheless and his casualty insurer, Southern Farm Bureau Casualty Insurance Company. After the death of Roger E. Wheless, his heirs, Mrs. Katherine B. Wheless, Hewitt H. Wheless and Mrs. Nancy Wheless Pope were substituted as party defendants. Judgment was rendered against all defendants in the sum of $2,699. From this judgment, A. G. Crawford perfected a devolutive appeal, and defendants answered the appeal.
On August 7, 1953, A. G. Crawford, upon leaving the office of Roger E. Wheless, placed his walking cane on the steps *663 of the office at which time the cane went through a rotten portion of the wooden step. This caused Crawford to fall forward on the concrete where he was injured.
A. G. Crawford was in the business of selling pulpwood to Roger E. Wheless and had gone to Wheless' office on the day of the accident to receive payment for the sale of pulpwood.
LSA-Civil Code Article 670 provides:
"Every one is bound to keep his buildings in repair, so that neither their fall, nor that of any part of the materials composing them, may injure the neighbors or passengers, under the penalty of all losses and damages, which may result from the neglect of the owner in that respect."
LSA-Civil Code Article 2322 provides:
"The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction."
The Louisiana Supreme Court has recently interpreted these two Code Articles in Davis v. Royal-Globe Insurance Companies, 257 La. 523, 242 So.2d 839 (1970). From this recent case we quote:
"Plaintiffs' counsel urges us to impose liability upon the owner of the apartment building without reference to fault under the terms of Article 2322 of the Civil Code which provides:
`The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction.'
"The `ruin' contemplated by this Article has reference to the actual fall or collapse of a building or one of its components. This is the attitude in the French law and it is a view expressed in Guidry v. Hamlin, 188 So. 662, 664 (La. App.Orl.1939), where the Article was said to have `no reference to any situation except that in which some part of the building collapses, or breaks, or gives way.' See Montgomery v. Cantelli, 174 So.2d 238 (La.App.1965). And to satisfy the meaning of `ruin' as used in Article 2322 the fall or collapse must involve a more or less substantial component of the structure. The English text of the Louisiana Code of 1808 translates `ruine' as `falling down'. Comment, 42 Tul.L. Rev. 178, 184 (1967). Article 2322 is considered a reiteration of the principle that the building must `fall' expressed in Article 670 of the Civil Code, except that it permits recovery by third persons lawfully on the premises, whereas Article 670 limits the owner's responsibility to neighbors and passers-by.
"Falling paint flakes from an apartment ceiling were never intended by this article to be considered the `ruin' of a building, which would impose the unduly harsh burden of absolute liability upon the owner. Where it is alleged, as here, that the injury is to a third person lawfully on the premises from a dangerous condition which the lessor has permitted to exist, then the appropriate basis for the decision is Articles 2315 and 2316. Comment, 39 Tul.L.Rev. 798, 837 (1965); Comment, 16 Tul.L.Rev. 448, 449 (1942); Comment, 7 La.L.Rev. 406 (1947)."
The facts of this case meet the test of Davis v. Royal-Globe Insurance Companies, supra, and Article 2322 applies. There was a "collapse" or "fall" or "giving way" or "breaking" of the defectively constructed front step. A front step of a building is a "more or less substantial component of the structure". The facts of the instant case are strikingly similar to those involved in Matranga v. Hilman, 94 So.2d 568 (La.App. 2d Cir. 1957) in which this court found the defendant liable regardless of whether he knew or should have known *664 of the defect in the step which caused plaintiff's injuries. We hold Wheless and his insurer liable under the provisions of Article 2322.
Moreover, we further hold defendants are liable under LSA-Civil Code Articles 2315 and 2316, which require a finding of negligence or fault on the part of Wheless. Before we can determine Wheless' fault, if any, we must ascertain the duty, if any, owed to Crawford. This depends on whether Crawford is classified as a trespasser, licensee or invitee. No argument is made that Crawford was a trespasser. However, Wheless argues Crawford was a licensee in that he went to Wheless' office as a matter of convenience to himself and not for Wheless' benefit. Wheless had a system where Crawford could be paid by a rail agent at the depot where Crawford delivered the pulpwood. However, the evidence shows Crawford usually came to the office for his money and was never turned away. We hold that Crawford was clearly an invitee as that term is defined in our jurisprudence. See Alexander v. General Accident Fire & L. Assur. Corp., 98 So.2d 730 (La.App. 1st Cir. 1957) writ refused, February 10, 1958; Savell v. Foster, 149 So.2d 210 (La. App.2d Cir. 1963) writ refused, 244 La. 148, 150 So.2d 769 (1963); Duncan v. World Wide Health Studios, Inc., 232 So. 2d 835 (La.App. 2d Cir. 1970).
As Crawford was an invitee, Wheless owed him the duty of reasonable care, which includes the prior discovery of reasonably discoverable conditions of the premises that may be unreasonably dangerous, and correction thereof or a warning to the invitee of the danger. Alexander v. General Accident Fire & L. Assur. Corp., supra; Barrilleaux v. Noble Drilling Corporation, 160 So.2d 319 (La.App. 4th Cir. 1964). As noted earlier, the step had a weak or rotten portion known as a "dotey center", which was visible and could be observed by a reasonable inspection. As a man with many years experience in the timber business, Wheless should have discovered this condition and corrected it or warned Crawford of its presence. His failure to do so constituted fault on his part, and Crawford is entitled to recovery for his injuries under LSA-Civil Code Articles 2315 and 2316.
When Crawford fell, he landed on his right shoulder and elbow, and his neck and head. Dr. D. F. Overdyke, Jr. testified that Crawford suffered a sternoclavicular separation, a sprain of the lumbodorsal region of his back, a sprain of the neck, and a bruise of the elbow. The elbow and neck injuries were not serious. As Crawford walks on crutches, the sternoclavicular separation gave him quite a bit of trouble. The back injury was the most serious, but the doctor testified that Crawford had pre-existing spondylolisthesis due to age. The fall, said the doctor, aggravated this pre-existing condition.
The trial judge awarded Crawford $199 for past medical expenses. Crawford introduced bills in excess of this amount and Wheless objected insofar as the bills would enlarge the pleadings. As Crawford prayed for $199 for "Doctors' bills now due", the trial judge was clearly correct in awarding this amount. The same is true of the $500 award for future medical expenses. Dr. Overdyke testified over objection that future medical expenses would be $1,000. Crawford prayed for $500 and the trial judge was correct in awarding this amount. The trial judge awarded $2,000 for pain and suffering. We are convinced that some pain did result from this fall and it should be kept in mind that Crawford was not in good health prior to the fall. In light of the facts of this case, $2,000 seems to be adequate compensation to the plaintiff.
For the reasons assigned, the judgment appealed from is affirmed with costs to be borne by appellant, A. G. Crawford.
Affirmed.
*665 HEARD, J., concurs with written reasons.
HEARD, Judge (concurring):
I concur in the majority decision but disagree as to the applicability of LSA-C.C. Art. 2322.
In my opinion the facts of this case do not meet the test of Davis v. Royal-Globe Insurance Companies, 257 La. 523, 242 So. 2d 839 (1971). There was no "ruin" contemplated by Article 2322 nor actual fall nor collapse of a building or one of its components.
The evidence revealed that there was only a "dotey" portion of the step upon which plaintiff placed his walking stick which went through the step. The step did not break nor collapse nor give way.