BARON B. BOURG, Judge Pro Tem.
This case arises out of an accident in which plaintiff Howard K. Butcher sus *46 tained second and third degree burns on his face, chest and arms when a can of contact cement that the defendant Jack Wood was using suddenly ignited. Plaintiffs filed this suit naming as defendants Jack Wood, Page Construction, Inc., a company in which the. defendant Wood was director, major stockholder and employee and Gulf Insurance Company, the liability insurer of Page Construction, Inc. After a trial on the merits judgment was rendered in favor of the plaintiffs and against the three defendants jointly and in solido in the full sum of $11,384.55 and all costs of the proceedings. The defendants appeal the disposition of that case.
In a finding that the judgment of the lower court is correct, we affirm.
On the day of the accident plaintiffs drove to the defendant Jack Wood’s residence for the purpose of borrowing a lawnmower. Upon arrival the plaintiffs entered the house and went into the kitchen. Wood was engaged in attaching a piece of Formica to the wall behind the stove in the kitchen. Wood was applying contact glue to the unfinished side of the Formica. The sheet had been laid across the kitchen counter and the stove. Defendant was holding a can of contact cement in his left hand and applying the cement to the unfinished side of the Formica with a brush in his right hand. Plaintiffs stood slightly behind and on either side of defendant; Mrs. Butcher on his right'and her husband to his left. The three people were in these locations for five to ten minutes conversing with Mr. Wood. Suddenly and for no apparent reason the can of cement in Wood’s left hand burst into flames. The flaming cement either splashed or was inadvertently thrown on Mr. Butcher. Plaintiff fell to the floor and defendant covered him with a bedspread to extinguish the flames.
Plaintiff suffered second and third degree burns on his face, chest and arms for which he was hospitalized for approximately twenty-five days. There is ample medical testimony in the record as to the extent of the plaintiff’s injuries and the pain that he endured. The court also heard testimony from a plastic surgeon on the cost of operations necessary to relieve a limitation of motion in the plaintiff’s right arm. This limitation is caused by formation of scar tissue over the areas where the burns were.
The plaintiff contends that the trial court correctly found that defendant Wood was acting in the capacity of officer and employee of Page Construction, Inc. at the time of the accident and that the liability insurance policy issued to Page by Gulf Insurance Company therefore applied coverage for the damages resulting from this accident. Plaintiffs further contend that as licensees on the premises the occupier owes the duty of warning the licensees of the latent dangers of the premises if actually known by the occupier. They contend therefore that defendant Wood owed them the duty of warning them of the latent dangers if he actually knew of them himself. They contend that the defendant Wood knew of the latent dangers in the chemical he was using and that he failed to issue any warnings to them.
We are in agreement with the finding of the trial court that this failure to warn constituted actionable negligence on the part of the defendant Wood.
Defendants Gulf Insurance Company and Page Construction, Inc. contend the court committed error on finding that defendant Wood was acting as an officer or director for the corporation at the time of his injury and further contend that the plaintiffs failed to prove any actionable negligence on the part of defendant Wood. Defendants contend that the plaintiff, Mr. Butcher, was guilty of contributory negligence which would be a bar to his recovery.
The court correctly found that defendant Jack Wood was an insured within the terms of the insurance policy issued to *47 Page Construction, Inc. by Gulf Insurance Company and defendant Wood was acting as an executive officer of Page Construction, Inc. within the scope of his duties at the time of the accident.
Defendant Wood was the principal stockholder and sole employee of Page Construction, Inc. His own testimony establishes the fact that he was working in the capacity of employee of Page at the time of the accident. Defendant and his family lived in the residence where the accident occurred. In lieu of rent, the mortgage note was paid for the owner sometimes by Wood and sometimes by Page. Wood had an oral agreement with the owner to perform certain renovation work on the premises and when the house was sold he and the owner would share equally in any profits made. Defendant testified that he operated Page Construction, Inc. as a sole proprietership and entered into such agreements as the one above on a regular basis. He further testified that Page shared in the profits from the eventual sale of the house where the plaintiff was injured. Evidence clearly supports the conclusion of the trial court that defendant was working in the capacity of an employee of Page when the accident occurred.
There is no satisfactory explanation in the record of how the contact cement ignited. Defendant Wood testified that he turned off the pilot light on the stove and turned on the ventilation fan above the sink. Although he smokes he testified that he had never done so at home because his wife suffers with a sinus condition. Plaintiff’s wife does not smoke. Plaintiff testified that he does smoke but did not recall smoking while he was in the house. Following the accident Wood found a cigarette butt on the kitchen floor in the vicinity where he had been working.
We find that the lower court correctly decided that the defendant Wood breached a duty of care owed to the plaintiffs. We are of the opinion that in this case the question of liability to the plaintiffs must necessarily involve a determination of the invitee, licensee or trespasser classification of the plaintiffs while on the premises. The broad distinctions between these classifications and the duties owed by the owner or occupier of the premises to each is explained in Alexander v. General Accident Fire & Liability Assurance Corporation, 98 So.2d 730 (La.App.1957) as follows:
“(1) A trespasser is one who enters the premises without the permission of the occupier or without a legal right to do so; and towards the trespasser no duty exists in most instances except to refrain from willfully or wantonly injuring him.
“(2) A licensee is one who enters the premises with the occupier’s express or implied permission, but only (according to the conventional description) for his own purposes which are unconnected with the occupant’s interests; and to him in addition to the duty owed to a trespasser, is owed the duty of warning the licensee of latent dangers of the per-mises if actually known by the occupier.
“(3) An invitee is a person who goes on the premises with the express or implied invitation of the occupant on the business of the latter or for their mutual advantage; and to him, the duty owed is that of reasonable and ordinary care, which includes the prior discovery of reasonably discoverable conditions of the premises that may be unreasonably dangerous, and correction thereof or a warning to the invitee of the danger.”
Plaintiffs were clearly licensees and defendant had a duty to warn them of any latent dangers of the premises if he actually knew of them. Wood testified that he had worked with this product for years and knew of its dangerous nature. He did not warn the plaintiffs of the dangers even though the warnings on the can included a prohibition against smoking. He testified that he knew Mr. Butcher smoked but did not specifically warn him not to. This failure to warn plaintiffs of the dangerous *48 propensities of the substance he was using in their presence constituted negligence on his part. Evidence in the record further fails to reveal contributory negligence on the part of the plaintiffs.
Turning to the issue of damage the plaintiffs contend that the award is grossly inadequate. They assign particular error to the fact that the judgment did not make an award for expenses for future plastic surgery operations to alleviate the limitation of motion in plaintiff’s right arm caused by the presence of scar tissue. We find that the trial court did not abuse its broad discretion. Much discretion is given the trier of facts and we cannot reverse his judgment absent a showing of manifest error.
Plaintiffs allege that the plaintiff Sylvia Butcher was also burned and prayed for damages for her injuries. The plaintiffs however failed to introduce evidence of her damages into the record.
For the foregoing reasons assigned, the judgment of the trial court is affirmed at the appellants’ cost.
Affirmed.