Patricia Hyatt ARCEMENT, etc., et al., etc., Plaintiffs-Appellees,

v.

SOUTHERN PACIFIC TRANSPORTATION COMPANY et al., Defendants-Appellants.

Edgar ROMAGUERA, Plaintiff-Appellee,

v.

SOUTHERN PACIFIC TRANSPORTATION COMPANY et al., Defendants-Appellants.

No. 74–2395.

United States Court of Appeals, Fifth Circuit.

Aug. 18, 1975.

Rehearing Denied Oct. 3, 1975.

Jarrell E. Godfrey, Jr., New Orleans, La., for defendants-appellants.

Nelson J. Cantrelle, Jr., Gretna, La., for Arcement.

F. L. Morris, Philip R. Johnson, Metairie, La., for Romaguera.

Before BROWN, Chief Judge, and GEWIN and THORNBERRY, Circuit Judges.

THORNBERRY, Circuit Judge:

This Louisiana diversity suit arose out of the collapse of a railroad trestle owned by Southern Pacific. Edgar Romaguera and Shelton Arcement were in a truck loaded with barrels of lube oil intended for the Team Vega, a molasses boat lying alongside Southern Pacific's Gretna, Louisiana wharf. When the two men drove out onto the railroad trestle that led to the wharf, a portion of the trestle collapsed, throwing the truck off into the water. Arcement was killed, and Romaguera injured. Arcement's wife brought suit to recover for her husband's death. Romaguera sued to recover for his personal injuries. The trial court consolidated the actions and later entered judgment on the jury's verdict for both plaintiffs. Southern Pacific raises a host of objections to the judgment. We affirm.

Plaintiffs sought recovery under two theories. They argued first that Southern Pacific negligently allowed motor vehicles to drive onto the trestle even though the company knew that the structure was not designed for such use. Plaintiffs also contended that they were entitled to recover under Louisiana Civil Code Article 2322. That article provides that:

> The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction.

The jury found that plaintiffs had established liability under both theories. Because we think the negligence theory a sufficient ground upon which to affirm the district court's judgment, we do not reach the troublesome issue of liability under Article 2322.[1]

■ The evidence brought out at trial was sufficient to allow the jury to conclude that Southern Pacific negligently failed to keep vehicles from driving onto a railroad trestle that had the deceptive appearance of a roadway access to the wharf but which was not designed or constructed to bear the weight of vehicles.[2] Southern Pacific does not now contest the sufficiency of the evidence as to its negligence but contends instead that recovery should have been barred both by Arcement's and Romaguera's alleged contributory negligence and by their asserted status as licensees on Southern Pacific's property.

■ The jury found that Arcement, who was driving the truck at the time of the accident, was not guilty of contributory negligence. Appellant argues that the trial court's refusal to allow certain witnesses to testify that they would not have driven onto the trestle without first stopping and estimating its apparent load-bearing ability irreversibly tainted that finding. The judge excluded the testimony on the ground that it amounted to an opinion on an ultimate issue, i. e. what a reasonable man would have done under those circumstances. Although evidence of this kind would generally be admissible under Rule 704[3] of the new Federal Rules of Evidence, we are not conviced that its exclusion here amounted to reversible error. The inferences to be drawn from the witnesses' testimony were manifest, if the jurors chose to draw them. They obviously did not, and it is most unlikely that the absence of a conclusory statement from the witness stand affected their judgment.[4] Cf. Fed.R.Evid. Rule 103(a).

■ The common law classifications relating to duties owed by an owner or occupier to persons on his property are applicable to negligence actions brought under Article 2315 of the Louisiana Civil Code. Cothern v. LaRocca, 232 So.2d 473, 477 (La.1970). The trial judge correctly instructed the jury on Louisiana law:

with 3″ × 12″ planks and furnished with a handrail, creating what was intended to be a pedestrian walkway. Finally, ruts made by car and truck tires led up to the beginning of the trestle in line with the planking between the rails and the deck of the walkway.

It was the walkway that collapsed when the heavily loaded truck drove out onto the trestle.

1. Accordingly, we need not decide (1) what burden of proof rests upon the plaintiff who sues under Article 2322, (2) whether the owner of a structure is liable under that provision for injury resulting from "ruin" occasioned by abnormal or unintended uses, (3) whether status is a defense under Article 2322, and if so, whether the relevant statuses track the common law distinctions or require only that the plaintiff have been "lawfully and rightfully" on the premises, (4) whether the trial court erred in limiting evidence on the adequacy of the trestle's design and construction, (5) whether the trial court should have submitted to the jury a separate issue on abnormal and unexpected use, and (6) whether the trial court erroneously instructed the jury as to the elements of liability under Article 2322.

2. The principal load-bearing members of the trestle supported the rails and cross-ties. The appearance of a roadway was created by a number of factors. Between the rails were 3″ × 8″ planks running the length of the trestle. Additionally, every fourth cross-tie was fourteen feet rather than the normal eight feet long, and these extended ties were decked

3. "Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."

4. Southern Pacific also urges that the trial court erred in taking from the jury the issue of Romaguera's contributory negligence. The only evidence offered to establish fault on Romaguera's part, however, was the same testimony tendered to show that Arcement was negligent. Hence, even if a guest passenger's contributory negligence may in some circumstances bar his recovery under Louisiana law, the jury's answer to the issue as to Arcement would of necessity have been the same for Romaguera. Hence, the error, if any, would not entitle appellant to a new trial.

A trespasser is one who enters the premises without the permission of the occupant, or without a legal right to do so, and toward the trespasser no duty exists in most instances except to refrain from wilfully or wantonly injuring him.

Secondly, a licensee is one who enters the premises of another with the occupier's expressed or implied permission, but only according to the conventional description for his own purposes which are unconnected with the occupant's interest and to him in addition to the duties of warning the licensee of latent dangers of premises if actually known by the occupier.

Finally, an invitee is a person who goes on the premises with the expressed or implied invitation of occupation [sic] on the business of the latter or, for their mutual advantage, and to him the invitee the duty owed is that of reasonable and ordinary care which includes the prior discovery of reasonably discoverable conditions of the premises that may be unreasonably dangerous thereof or a warning to the invitee of the danger.

Supp.App. at 105–06. *See* Johnson v. Ruben, 222 So.2d 617, 619 (La.App.1969), *quoting from*, Alexander v. General Accident Fire and Life Assurance Corp., 98 So.2d 730, 731–32 (La.App.1957). Southern Pacific contends, however, that Arcement and Romaguera were at most licensees and that it did not breach its lesser duty of care to persons in that category. For reasons not at all clear to us, appellees' counsel conceded at oral argument that his clients would not be entitled to recover if the men were only licensees on Southern Pacific's property.[5] Accordingly, we must determine whether the evidence permitted the jury to find that the two men were invitees.

Neither party contends that Arcement and Romaguera had Southern Pacific's actual invitation (or permission) to drive their truck onto the trestle. The jury nonetheless found that Southern Pacific took insufficient steps to notify the public of its desire to prevent vehicular use of a railroad trestle that had the false appearance of a roadway. The question then is: Did the company's oversight constitute an implied invitation to drive over the structure or did it amount to no more than tacit permission to use the trestle as a vehicular access to the wharf? In Louisiana the answer is provided by the requirement that an invitee be on the premises at least in part for the "benefit" of the owner or occupier. *Compare* Ainsworth v. International Paper Co., 311 So.2d 629 (La.App.1975); Stewart v. Gibson Products Co., 300 So.2d 870, 877 (La.App.1974); Crawford v. Wheless, 265 So.2d 661, 664 (La.App. 1972); Vegh v. Kaiser Aluminum & Chemical Corp., 259 So.2d 580, 582 (La. App.1972); Brown v. State Farm Fire and Cas. Co., 252 So.2d 909, 911 (La.App. 1971) *with* Gotreaux v. Travelers Ins. Co., 299 So.2d 466, 473 (La.App.), *cert. denied*, 302 So.2d 309 (La.1974); Butcher v. Gulf Ins. Co., *supra*, 295 So.2d at 47–78. *See also* Cothern v. LaRocca, *supra*, 232 So.2d at 477–78; Mercer v. Tremont & G. Ry. Co., 19 So.2d 270, 275 (La.App. 1944). Southern Pacific of course argues that it did not benefit from vehicle deliveries made over the trestle to ships tied at the wharf,[6] but even if it did, that the

---

5. Our review of the record reveals apparently uncontradicted evidence that responsible persons at Southern Pacific actually knew that the trestle was not designed to carry vehicular traffic. Taken together with the testimony indicating that Southern Pacific took inadequate precautions to keep vehicles off the structure, the evidence of actual knowledge seemingly would have permitted the jury to find appellees entitled to recover even if Arcement and Romaguera were licensees. *See, e. g.*, Butcher v. Gulf Ins. Co., 295 So.2d 45 (La.App.1974).

6. Southern Pacific owned the trestle and wharf, but sometime before the accident the firm had leased it to the National Molasses Company. Likewise, appellant neither owned nor chartered the Team Vega, and the request for lube oil was made directly by the vessel's Master to Texaco, Arcement's and Romaguera's employer.

Nevertheless, the evidence also revealed that Southern Pacific retained considerable control over its wharf. An employee of National Molasses testified that only Southern Pacific

usual inference of invitation was rebutted by its sporadic attempts to keep cars and trucks off the structure. We disagree. Under Louisiana law it is enough to create invitee status (1) that the injured person was never specifically warned to stay off the property and (2) that he was present for some purpose connected with the defendant's business. There is no requirement of a tangible, immediate gain by the owner or occupier. *See, e. g.,* Crawford v. Wheless, *supra*; Mercer v. Tremont & G. Ry. Co., *supra,* 19 So.2d at 275; *cf.* Gotreaux v. Travelers Inc. Co., *supra.* On this record,[7] therefore, the jury could properly have found that Arcement and Romaguera were invitees of Southern Pacific.

Appellant's final point is based upon an improper remark by one of plaintiffs' counsel relating to changes made in the trestle after the accident. As appellant notes, evidence of such changes is generally inadmissible to prove negligence or culpable conduct, *see* Fed.R.Evid. Rule 407, and the trial judge so ruled when counsel attempted to elicit testimony on the matter. Despite this ruling, however, counsel proceeded to state within the jury's hearing that "I am trying to impeach his testimony in showing that boards between the tracks were removed." Appellant immediately requested a mistrial, but the district judge responded only with a cautionary instruction. Without in the least approving counsel's behavior, which is not defended in this court as a valid attempt to impeach, we conclude that the trial judge correctly declined to declare a mistrial. The evidence of Southern Pacific's negligence was strong, and we are convinced that the incident could not have affected the deliberations of this properly admonished jury. *Cf.* Fed.R.Evid. 103(a).

could give permission to drive out onto the wharf. App. at 158–59. The same witness stated that his company had secured authorization from Southern Pacific for the Team Vega to tie up and discharge its cargo. App. at 162. Finally, the record contains a good

The judgment of the district court is affirmed.

deal of evidence that Southern Pacific took full responsibility for inspecting and maintaining the trestle and wharf.

7. *See* note 6 *supra.*