532 So.2d 389 (1988)
Perry LUTTRELL Plaintiff-Appellee,
v.
INTERNATIONAL PAPER COMPANY, et al., Defendants-Appellants.
No. 87-642.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1988.
Writ Denied December 2, 1988.
*390 Sandoz, Sandoz & Schiff, Leslie J. Schiff/Anne E. Watson, Opelousas, for plaintiff/appellee.
McLure & McLure, John G. McLure, Alexandria, for defendants/appellants.
Theus, Grisham, Davis & Leigh, Thomas G. Zentner, Jr., Monroe, for third-party defendants.
J. Reed Walter, Jena, Gold, Simon, Weems, Bruser, Sharp, Sues & Rundell, Peggy St. John, Alexandria, for intervenor.
Before DOMENGEAUX, KNOLL and KING, JJ.
KNOLL, Judge.
The issue on appeal is whether Loescher v. Parr, 324 So.2d 441 (La.1975), imposes strict liability on a landowner when a recognizably dead tree in the middle of a forest falls on a professional logger immediately after he felled a nearby tree.
International Paper Company (hereafter IPC) entered into a written contract with McDougald Brothers, Inc. (hereafter McDougald) to cut certain timber on its lands in LaSalle Parish. McDougald subcontracted part of the timber work to James Cruse (hereafter Cruse), who in turn hired Perry Luttrell (hereafter Luttrell) as a logger. Luttrell was injured on IPC land when he felled a beech tree, having a stump size of approximately 20 inches, and was walking to trim its top when, approximately 20 seconds later, a smaller dead pine tree, referred to as a "snag", fell on him and broke his back. Luttrell testified that the beech tree and the snag were approximately 20 feet apart, and that the felled beech tree did not strike the snag. The weather on the day of the accident was sunny and there were no high winds which contributed to the downing of the snag.
Luttrell sued IPC, contending it was liable either in negligence or strict liability under the holding of Loescher v. Parr, supra. *391 IPC answered denying liability, urged the statutory employer defense, and filed a third-party demand against McDougald for indemnity under their written contract. McDougald's worker's compensation carrier, Southern Casualty Insurance Company (hereafter Southern), intervened, seeking reimbursement for the worker's compensation benefits it paid to Luttrell. Trial was by jury. At the close of defendant's evidence, the trial judge granted Luttrell's motion for directed verdict, finding IPC was not the statutory employer of Luttrell, and denied IPC's motion for directed verdict on the issue of whether the tree which fell on plaintiff presented an unreasonable risk of injury or danger. The jury returned a verdict finding IPC was strictly liable because the dead tree presented an unreasonable risk of harm, and awarded Luttrell $740,000 damages, but reduced Luttrell's recovery by 30% to reflect the degree of fault it attributed to him. Luttrell's wife was awarded $100,000 for loss of consortium and reimbursement was awarded to Southern for the worker's compensation it paid to Luttrell, but both awards were reduced by the 30% fault attributed to Luttrell. The trial court, in a separate opinion, denied IPC's third-party demand against McDougald, finding the contract provision relative to indemnity did not extend to strict liability.
IPC appeals, contending: (1) the trial court erred in denying its motion for directed verdict on liability, and the jury erred, as a matter of law, in finding that an obviously dead tree in the forest was unreasonably dangerous and thereby imposing strict liability; (2) the trial court erred in directing a verdict against it, finding that IPC was not the statutory employer of Luttrell; and (3) the trial court erred in denying judgment on IPC's third-party demand against McDougald for contractual indemnity.
Luttrell's wife answered the appeal, contending her award for loss of consortium should not have been reduced by the degree of fault attributed to Luttrell.
Southern also answered the appeal, contending its reimbursement should not have been reduced by the degree of Luttrell's fault, and that the judgment be modified to provide that Southern's liability to Luttrell for worker's compensation, medical, and related benefits shall cease upon IPC's payment to Luttrell.
We reverse, finding that the dead tree in the middle of the forest did not pose an unreasonable risk of harm under strict liability, and that the record does not establish that Luttrell proved a claim in negligence against IPC. Our treatment of this threshold issue renders all other issues moot.

APPLICABILITY OF STRICT LIABILITY FOR DEAD TREE IN FOREST
IPC contends that the trial court erred in denying its motion for directed verdict on the issue of strict liability and the jury erred in finding the snag presented an unreasonable risk of injury. It argues that the Loescher decision does not extend to a dead tree in the middle of the forest. We agree.
In Loescher the Supreme Court summarized the principles of legal fault recognized in favor of an injured person without establishing fault, stating:
"When harm results from the conduct or defect of a person or thing which creates an unreasonable risk of harm to others, a person legally responsible under these code articles [2317, 2318, 2320, 2321, 2322] for the supervision, care, or guardianship of the person or thing may be held liable for the damage thus caused, despite the fact that no personal negligent act or inattention on the former's part is proved. The liability arises from his legal relationship to the person or thing whose conduct or defect creates an unreasonable risk of injuries to others.

The fault of the person thus liable is based upon his failure to prevent the person or thing for whom he is responsible from causing such unreasonable risk of injury to others. Thus, the person to whom society allots the supervision, care, or guardianship (custody) of *392 the risk-creating person or thing bears the loss resulting from creation of the risk, rather than some innocent third person harmed as a consequence of his failure to prevent the risk. His fault rests upon his failure to prevent the risk-creating harm and upon his obligation to guard against the condition or activity (by the person or thing for which he is responsible) which creates the unreasonable risk of harm to others." Loescher at 446. (Emphasis added.)
In Verrett v. Cameron Telephone Co., 417 So.2d 1319, 1325-1326 (La.App. 3rd Cir. 1982), writ denied, 422 So.2d 164 (La.1982), we elaborated on the legal concept of "unreasonable risk of harm" and stated:
"In determining whether a thing poses an unreasonable risk of harm under Civil Code Article 2317 many facts are considered, including: (1) the probability of risk occurring, (2) the gravity of the consequences if it does, and (3) the burden of adequate precautions. Other related considerations include the social priorities attached to the particular conduct, the degree of culpability assignable to each party's conduct, the economic ability of the parties and their relationship to the instrumentality of injury, the foreseeability of the particular injury had the defect been known, the location of the incident, and the voluntariness or deliberateness with which the victim encounters the risk-creating thing."
Luttrell argues that under Loescher the jury verdict should be affirmed because he proved that: (1) IPC had custody of the snag; (2) the snag was rotten; and (3) his damages occurred through this defect. We find that Luttrell's analysis is incomplete. Our reading of Loescher convinces us that as a prerequisite to this analysis the plaintiff must establish by a preponderance of the evidence that the defect posed an unreasonable risk of harm. This Luttrell failed to do.
Unlike Loescher, where the internally diseased tree was in an urban area, and Bullard v. State, Dept. of Transp., Etc., 413 So.2d 606 (La.App. 1st Cir.1982), where the tree was in the median between the east and west lanes of highly traveled Interstate 10, in the present case the obvious snag in question was located in 220 acres of woodland. Furthermore, a landowner is not liable for injury which results from a condition which should have been observed by the individual in the exercise of reasonable care or which was as obvious to a visitor as it was to the landowner. Bertrand v. Browning-Ferris Industries, 502 So.2d 167 (La.App. 3rd Cir.1987), writ denied, 503 So.2d 1017 (La.1987); Guillory v. Audubon Ins. Co., 417 So.2d 892 (La.App. 3rd Cir.1982).
In the case sub judice, the record establishes that: Luttrell had 10 years logging experience; that prior to cutting the beech tree, he observed none of its limbs were touching the snag and that there were no vines intertwined among them; that when he felled the nearby beech tree, the pine snag was clearly visible to him; that he knew the pine snag was dead and deteriorating; and that he was aware of the dangers snags pose when logging activities take place in close proximity to them.
In a related consideration of the applicability of strict liability, we find that the feasibility of economically securing a forest free from snags, whose state of deterioration may not even be as easily discernible as the one presented herein, further makes strict liability inapplicable.
Under the facts of this case, we find Loescher and Bullard clearly distinguishable. Consequently, we conclude that the snag did not constitute a premise hazard which, when considering its location in the forest, presented an unreasonable risk of harm; therefore, IPC was not liable under strict liability.

NEGLIGENCE
Luttrell also argues that IPC was negligent because it knew or should have known of the snag because it contracted for the hiring of timber cutting crews to cut trees on this particular tract, and its own crew was on the property the day prior to the accident. We disagree.
In Carter v. Bd. of Sup'rs of Louisiana St. Univ., 459 So.2d 1263, 1265 (La.App. 1st *393 Cir.1984), writ denied, 462 So.2d 1248 (La. 1985), our brethren of the First Circuit stated:
"The owner or person having custody of immovable property has a duty to keep such property in a reasonably safe condition. This person must discover any unreasonably dangerous condition on the premises and either correct the condition or warn potential victims of its existence. This duty is the same under both the strict liability theory of LSA-C.C. art. 2317 and the negligence liability theory of LSA-C.C. art. 2315.
There is a difference in proof between these two theories of liability, however, in that under LSA-C.C. art. 2315, the plaintiff must show that the owner or custodian either knew or should have known of the risk, whereas under LSA-C.C. art. 2317, the plaintiff is relieved of proving scienter on the part of the defendant.

Under either theory of liability, the plaintiff has the burden of proving that: (1) the property which caused the damage was in the custody of the defendant; (2) the property was defective because it had a condition that created an unreasonable risk of harm to persons on the premises; and (3) the defect in the property was a cause-in-fact of the resulting injury. In both negligence and strict liability cases, the reasonableness of the risk is determined by balancing the probability and magnitude of the risk against the utility of the thing." (Emphasis added.) (Citations omitted.)
It is clear that under either theory of recovery, Luttrell's action falls because the pine snag did not present an unreasonable risk of harm. Luttrell, an experienced logger, was cutting timber on a tract designated for logging, saw a recognizably dead tree in close proximity to a tree he was felling, and failed to take additional precautions to further insure that the dead tree did not fall unexpectedly. Further, because the snag fell approximately 20 seconds after Luttrell felled a nearby tree convinces us that this caused the snag to fall. There is nothing in the record to suggest any factors which contributed to the snag falling other than the felling of the nearby tree hitting the ground near the snag. We therefore find that Luttrell's conduct was the cause-in-fact of the accident and that the defendants were not negligent.
Moreover, Luttrell did not prove by a preponderance of the evidence that defendants had knowledge of the pine snag. John E. McDowell, IPC's manager of logging and fiber supply, testified that when IPC enters into a timber contract it usually sends an inspection crew to see that the logging operations are conducted in conformity with the contract. He testified that in the present case that although IPC's inspection crew was on the 220 acre tract the day prior to the accident, the written inspection report its crew filed does not indicate the particular location the crew visited, and therefore it can not be determined if the crew saw the particular pine snag. Accordingly, we can not conclude that IPC knew or should have known of the particular snag.
For the foregoing reasons, the judgment of the trial court is reversed and set aside. Plaintiffs' suit against IPC is dismissed with prejudice, as is Southern's intervention. Costs of the trial court and this appeal are assessed to Perry Luttrell.
REVERSED AND RENDERED.
DOMENGEAUX, J., concurs being of the opinion that under the facts of this case, the result is correct.