**490**

Philip L. MATASSA, Jr.

v.

**MISSOURI PACIFIC RAILROAD COMPANY.**

Civ. A. No. 89–862–B.

United States District Court,
M.D. Louisiana.

Feb. 26, 1992.

Malcolm J. Dugas, Jr., Sutmpf, Dugas, LeBlanc, Papale & Ripp, Donaldsonville, La., for plaintiff.

Boris F. Navratil, Breazeale, Sachse & Wilson, Baton Rouge, La., for defendant.

POLOZOLA, District Judge:

Philip L. Matassa, Jr. filed this suit against the Missouri Pacific Railroad Company (Missouri Pacific). The Court has conducted a non-jury trial in the case and finds that plaintiff's suit should be dismissed with prejudice. The Court now issues its Findings of Fact and Conclusions of Law. In formulating its factual findings, the Court took into consideration the credibility of the witnesses who testified in this trial.

On May 29, 1989, Matassa was driving his ATV three-wheeler along railroad

tracks located adjacent to Louisiana Highway 1 between Donaldsonville and White Castle. Both the land and the railroad tracks are owned by Missouri Pacific. Matassa approached a dirt path on his right leading down the railroad track embankment toward his home. After turning down the path, which was located in a heavily wooded and overgrown area, he proceeded a short distance down the path when he hit a two and one-half-feet high post protruding from the ground.

Plaintiff filed this suit to recover for the injuries sustained when he fell from his ATV. Plaintiff contends that his view of the post was obstructed by overgrown brush. Thus, plaintiff claims this accident resulted because the defendant breached its duty of care to warn him that this broken post was located near a narrow path which plaintiff was using without the permission and consent of the railroad.

Defendant claims that it did not breach any duty to plaintiff and that any injuries plaintiff sustained were caused by plaintiff's own negligence. Defendant also claims immunity under Louisiana's recreational immunity statutes.[1]

This Court has jurisdiction based on diversity of citizenship and venue is proper.[2] Since this is a diversity case, the Court must apply the law of Louisiana in reaching its decision.

■ A review of the evidence in this case clearly shows there was no negligence on the part of Missouri Pacific. The sole cause for the injury sustained by the plaintiff was plaintiff's own negligence in traveling at a high rate of speed down a narrow path which was located in a very heavily wooded area which was overgrown with brush. The post which the plaintiff struck was not even located on the path. The

Court believes it would be stretching Louisiana law to find that the defendant had a duty to warn trespassers of the existence of the post or to take any other action to clear the post from the area. Indeed, the pictures of the post revealed that the broken post involved in the accident looked like many of the trees in the area, some of which were also partially down. The path was not placed in the wooded area for the use of plaintiff, or anyone else, to drive his ATV. Indeed, there was no evidence presented that the path was used by persons driving ATV's in the past or that the railroad knew of such use, if in fact people had driven the path in an ATV in the past.

This case is different from a case where the accident may have occurred on a railroad track, at an intersection, or where trees had blocked the intersection. In this case, the plaintiff was a trespasser who was travelling at a high rate of speed down an embankment on a narrow path in a heavily wooded and overgrown area.

Under the facts of this case, the Court finds that Missouri Pacific did not owe a duty to plaintiff to protect him from this kind of accident. The plaintiff was a trespasser on the railroad's property.[3] No duty exists under Louisiana law toward a trespasser in most instances except to refrain from wilfully or wantonly injuring him.[4] There was no evidence of such conduct in this case. Missouri Pacific did not invite plaintiff to use its property, nor to drive down this path. The Court finds that defendant did not breach any duty of care under Louisiana law.

■ Louisiana law does not impose on a property owner the duty to warn of all risks, but only to warn of unreasonable risks.[5] A broken post located in the woods,

1. La. R.S. 9:2791.

2. 28 U.S.C. §§ 1332, 1391.

3. Under Louisiana law, a "trespasser" is one who enters premises without the permission of the occupant, or without a legal right to do so. *Arcement v. Southern Pacific Transportation Co.,* 517 F.2d 729, 733 (5th Cir.1975).

4. *Id.* A "licensee" is one who enters the premises of another with the occupier's expressed or

implied permission and an "invitee" is a person who goes on the premises with the expressed or implied invitation of the occupant on business of the latter or for their mutual advantage. This Court finds that plaintiff was neither a licensee, nor an invitee.

5. *Pritchard v. Safeco Ins. Co.,* 529 So.2d 449, 452 (La.App. 1st Cir.1988), *writ denied,* 532 So.2d 159 (La.1988); *Matthews v. Ashland Chemical Inc.,* 770 F.2d 1303 (5th Cir.1985).

off of the beaten path, and covered with brush is much like a dead tree in a forest.[6] Plaintiff conceded that the area is heavily wooded and that there were other ways he could have driven home. It is clear that considering the location of the post in the overgrown area, the post did not present an unreasonable risk of harm to the plaintiff or any other trespasser who may have been walking or riding through the area.

Moreover, plaintiff did not prove that the defendant knew or should have known of the post. Furthermore, a plaintiff who sues for injuries sustained as a result of an obstacle in a pathway has a duty to maintain a proper lookout to see if his path is clear.[7] Plaintiff testified that he did not look down the path to see if it was clear before turning and proceeding in the manner and at the speed he was traveling at the time of the accident.[8] The plaintiff was an experienced rider of the ATV and an avid hunter. He had driven many times in the woods on hunting trips and during other recreational activities and had come across broken trees on many occasions. On some occasions he would even knowingly or unknowingly drive over these broken trees while riding his ATV. Plaintiff also did not follow the instructions which came with his ATV in this case. In short, the sole cause of plaintiff's accident and injury was the plaintiff's own negligence. Defendant did not breach any duty imposed upon it by Louisiana law under the facts of this case.

For reasons set forth above, plaintiff's suit shall be DISMISSED WITH PREJUDICE. Judgment shall be entered accordingly.

---

6. *Luttrell v. International Paper Co.*, 532 So.2d 389 (La.App. 3d Cir.1988), *writ denied*, 533 So.2d 384 (1988).

7. *Siau v. Rapides Parish School Board*, 264 So.2d 372 (La.App. 3d Cir.1972).

8. Because the Court finds that the defendants did not breach any duty toward Matassa, it is not necessary to address the question of whether the recreational immunity statutes apply.