459 So.2d 1263 (1984)
William D. CARTER, Jr., et ux.
v.
BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY, et al.
No. 83 CA 1212.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
Writ Denied January 25, 1985.
*1264 Ben L. Guelfo, Baton Rouge, for plaintiff-appellant.
*1265 Peter T. Dazzio, Baton Rouge, for defendants-appellees.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON[*], JJ.
JOHN S. COVINGTON, Judge Pro Tem.
This suit arises out of an incident in which plaintiff Nancy W. Carter tripped on an allegedly defective sidewalk on the Baton Rouge campus of Louisiana State University and fell, injuring her right knee. The trial judge ruled in plaintiffs' favor, awarding the payment of past medical expenses and $3,500.00 in general damages. Plaintiffs appealed a portion of the judgment, alleging that the general damages award is insufficient. Defendants appealed the judgment in its entirety.
The issues are: (1) whether the trial judge erred in concluding that the sunken and sloped portion of a sidewalk on the grounds of a public university, on which Mrs. Carter tripped, posed an unreasonable risk of injury; (2) whether the trial judge erred in failing to find that fault of Mrs. Carter barred or reduced plaintiffs' recovery; and (3) whether the trial judge abused his discretion in awarding Mrs. Carter only $3,500.00 in general damages. In their answer to plaintiffs' appeal, the defendants assigned as error the trial judge's failure to grant their motion for a new trial. However, since defendants failed to brief this issue on appeal, we consider it abandoned. Rule 2-12.4, Uniform RulesCourts of Appeal.
Amended in part and as amended, affirmed.
FACTS
In the Spring of 1980, Mrs. Carter accompanied a first grade class on a field trip to a museum on the LSU campus. As the bus carrying the children was full, she drove her own vehicle. Mrs. Carter carried in the car's trunk an ice chest containing cartons of milk for the children's lunch. About 11 a.m., after the class had completed its museum tour, she returned to her car to get the ice chest and a paper bag containing medication for one of the children. Carrying these items, she began to return to the group when she suddenly fell forward on the sidewalk, hitting both knees on the concrete. As she lay on the ground awaiting assistance, she noticed that a portion of a sidewalk `square' had sunken down, gradually slanting to a depth of approximately two and one-half inches in one corner. She assumed that it was on this drop-off that she had tripped.

DUTY OF LOUISIANA STATE UNIVERSITY
The owner or person having custody of immovable property has a duty to keep such property in a reasonably safe condition. This person must discover any unreasonably dangerous condition on the premises and either correct the condition or warn potential victims of its existence. Farr v. Montgomery Ward and Company, Inc., 430 So.2d 1141 (La.App. 1st Cir.1983), writ denied 435 So.2d 429 (La.1983); Haney v. General Host Corporation, 413 So.2d 624 (La.App. 1st Cir.1982); Albritton v. J.C. Penney Company, Inc., 385 So.2d 549 (La. App. 3rd Cir.1980), writ denied 393 So.2d 727 (La.1980). This duty is the same under both the strict liability theory of LSA-C.C. art. 2317 and the negligence liability theory of LSA-C.C. art. 2315. Kent v. Gulf States Utilities Company, 418 So.2d 493 (La.1982); Farr, supra.
There is a difference in proof between these two theories of liability, however, in that under LSA-C.C. art. 2315, the plaintiff must show that the owner or custodian either knew or should have known of the risk, whereas under LSA-C.C. art. 2317, the plaintiff is relieved of proving scienter on the part of the defendant. Kent, supra.
Under either theory of liability, the plaintiff has the burden of proving *1266 that: (1) the property which caused the damage was in the custody of the defendant; (2) the property was defective because it had a condition that created an unreasonable risk of harm to persons on the premises; and (3) the defect in the property was a cause-in-fact of the resulting injury. In both negligence and strict liability cases, the reasonableness of the risk is determined by balancing the probability and magnitude of the risk against the utility of the thing. Hunt v. City Stores, Inc., 387 So.2d 585 (La.1980).
It is undisputed that: (1) LSU was the owner and custodian of the allegedly defective sidewalk; (2) there was some irregularity in the surface of the sidewalk; and (3) the irregularity was a cause-in-fact of Mrs. Carter's fall and subsequent injury. The trial judge found the defendants liable, but did not articulate whether the basis for his decision was Art. 2315, Art. 2317, or both.
The essential question relevant to liability is whether the sidewalk irregularity constituted a defect; i.e., whether it created an unreasonable risk of harm to LSU campus visitors such as Mrs. Carter.
An LSU policeman, Mark Shaw, came to Mrs. Carter's assistance several minutes after her fall. Officer Shaw testified that he discovered her lying in a parking lot adjacent to the sidewalk. He noticed that the sidewalk `square' next to her was cracked across its width and had subsided in one corner. He estimated the depth of the sunken area to be approximately one-half inch. Neither he nor his partner, also present at the accident scene, measured the depth.
Mrs. Carter did not measure the depth of the sunken area either, but she estimated it at about two and one-half inches. She based her estimation on this observation: an unidentified man who came to her assistance placed his foot flat on the surface of the recessed area, against the `raised' edge of the adjacent sidewalk square. She was able to see that `raised' portion of the sidewalk showing above the top of his shoe.
She testified that she had approached the sunken area from the `high' side, i.e., from the side where the sidewalk surface made an abrupt drop, rather than a gradual slope. She had not noticed any similar problems with the sidewalks elsewhere on campus, and was not expecting the abrupt change in height. The entire sidewalk looked flat and white from her perspective, and there were no shadows cast by the height differential to warn her.
Plaintiffs' expert witness, Mr. Dennis Howard, was qualified by the trial court as a safety consultant. Mr. Howard offered his opinion on the degrees of risk presented by varying differentials in height on walking surfaces. He testified that a change or gradation in height of from one to two inches presents a moderate risk to the pedestrian; i.e., a predictable risk of individuals slipping, tripping or falling from loss of balance. A differential of more than two inches would, of course, create a greater risk of injury as it would increase the likelihood of pedestrians tripping and falling from unexpected loss of balance. In his opinion, a differential of two and one-half inches would require immediate remedial attention. He had measured the height of his own shoes over the toes and had found them to measure two inches.
Mr. Howard further testified that the time of day and the condition of other portions of the walking surface could, under certain circumstances, increase the risk caused by a height differential. He stated that if the sun's position is such that it casts no shadow, and if the condition of a sidewalk is otherwise good, such that a pedestrian is expecting a smooth walking surface, the risk of loss of balance and subsequent injury is increased.
Although the trial judge did not specifically say so, he obviously accepted Mrs. Carter's testimony. It is well established that where there is a conflict in the testimony, reasonable evaluations of witness credibility by the finder of fact will not be disturbed on appeal, absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973); Jacobs v. Grayson, *1267 432 So.2d 1036 (La.App. 1st Cir.1983). We find no such error here.
The record supports the trial judge's conclusion that the two and one-half inch sunken corner of the sidewalk, unnoticeable to a pedestrian, created an unreasonable risk of harm and was thus defective. We find the defendants liable under LSA-C.C. art. 3217 and need not address the issue of negligence.

VICTIM FAULT
Defendants can escape liability only if they prove that the harm encountered by Mrs. Carter was caused by her own fault, the fault of a third person, or by an irresistable force. Shipp v. City of Alexandria, 395 So.2d 727 (La.1981). They contend that she was at fault in attempting to negotiate the sidewalk, carrying objects which obscured her vision, and that this fault should accordingly bar or reduce her recovery.
The trial judge obviously accepted Mrs. Carter's testimony that she could see the sidewalk over the ice chest and paper bag she was carrying, looked at the sidewalk in front of her, and did not see the sunken area before she fell due to her angle of approach and the lack of shadows. We find no manifest error in the trial judge's conclusion that Mrs. Carter was not contributorily negligent.

DAMAGES
Finally, both sides complain of the general damages award; defendants contend it is excessive and plaintiffs contend it is inadequate.
Before an appellate court can properly disturb a quantum award, the record must clearly reveal that the trier of fact abused his discretion in making the award. The question we must answer is not whether a different award may have been, in our opinion, more appropriate, but whether the trial court's award can be reasonably supported by the record. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Black v. Ebasco Services, Inc., 411 So.2d 1159 (La.App. 1st Cir.1982).
The fall cut and bruised both of Mrs. Carter's knees, but the right knee suffered the most damage in the form of rapid swelling. She was X-rayed at an emergency clinic immediately after the accident, and was released with a diagnosis of a sprain and abrasions on both knees. Approximately one year later, she saw two orthopedists. Dr. Manale diagnosed patella malalignment syndrome in both knees and estimated a ten percent impairment of the lower extremities. Dr. Dowell, defendants' physician, found swelling in the right knee and diagnosed infrapatella bursitis and possibly chondromalacia of the patellae. He concluded that Mrs. Carter suffered a partial disability of the right knee.
A third orthopedist, Dr. Jones, examined plaintiff about one year later. He diagnosed anterior cruciate ligament injury, which results in excessive wear on the knees over time, and chondromalacia of the right knee. Because of these injuries, he stated that it was possible Mrs. Carter would develop arthritis in the knees and would most certainly suffer periodic aches and pains in her knees for the rest of her life. She would have to continue the performance of strengthening exercises indefinitely. He assigned a fifteen percent permanent disability to her right knee.
Prior to the accident, Mrs. Carter, who was thirty-one (31) years of age, was physically very active; she enjoyed fast dancing and playing sports such as baseball and badminton with her two young sons. Since the fall, she has been precluded from enjoying these activities. Due to fluid buildup, she cannot climb stairs more than occasionally. The plaintiffs had to move from their townhouse to a one-story home to accommodate her limitation. She continues to suffer pain and discomfort during weather changes. She cannot walk significant distances without suffering pain. She is frustrated by these restrictions on what once was normal activity.
*1268 We conclude that the trial judge abused his discretion in awarding Mrs. Carter only the sum of $3,500.00. Under the circumstances, this award is inadequate. As an appellate court, we can raise the award only to the lowest amount which the trial court could have reasonably granted. Coco v. Winston Industries, Inc., supra. We feel the lowest amount the trial court could have reasonably granted is $10,000.00. We therefore amend the award to this amount.
For the foregoing reasons, the judgment is amended in part and as amended, affirmed. That portion awarding Mrs. Carter the sum of $3,500.00 is amended to show an increase to the amount of $10,000.00. All other aspects of the judgment are affirmed. Costs are to be paid by the defendants.
AMENDED IN PART AND AS AMENDED, AFFIRMED.
NOTES
[*] Judge John S. Covington of the 19th Judicial District Court has been duly elected to this court; that term begins on January 1, 1985. In the interim, the Supreme Court has appointed him to this court pro tempore.