487 So.2d 503 (1986)
Shirley MAY & Johnny May, Plaintiffs-Appellants,
v.
LAFAYETTE PARISH POLICE JURY the CITY OF LAFAYETTE, Defendant-Appellee.
No. 84-1177.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1986.
Rehearing Denied May 16, 1986.
Writ Denied June 20, 1986.
Preston N. Aucoin and Gilbert Wayne Aucoin, Ville Platte, for plaintiffs-appellants.
Voorhies & Labbe, Gregory Moroux, Lafayette, for defendant-appellee.
Before LABORDE and YELVERTON, JJ., and FONTENOT, J. Pro Tem.[*]
YELVERTON, Judge.
Plaintiff, Shirley May, appeals a judgment denying her claim against the City of Lafayette for damages resulting from a fall on a public sidewalk. She fell when the heel of her shoe got caught in an expansion joint. The trial judge found that plaintiff failed to prove there was anything about the expansion joint that made the city liable under theories of either negligence or strict liability. We affirm.
The accident happened on August 10, 1982, when plaintiff was leaving the parish courthouse in the company of relatives and a friend. The heel of her right shoe became stuck in an expansion crack between two slabs of concrete sidewalk. When she fell the shoe came off, its heel staying in the joint. It was daytime.
We quote from the trial court's written reasons for judgment:
"... It was the testimony of the plaintiff, Shirley May, and other witnesses to the accident, that the accident occurred when the heel on Shirley May's shoe became stuck in an expansion crack in the sidewalk. While the evidence (see P 3-8) and the testimony proved that there was a perceivable difference in the heights of the adjoining levels in the sidewalk, all who testified stated that it was not this unlevel feature of the sidewalk which caused Mrs. May to fall and *504 injure herself. All witnesses were in accord that the accident occurred when Mrs. May's heel became stuck in the expansion crack between the adjoining levels of sidewalk. It was the testimony of Eldon Dupuy, Mrs. May's son, that this crack was only one-half inch wide (see P 3-8). This Court finds that this would be a reasonable and necessary width for an expansion crack in a sidewalk, especially in view of the climate of Southern Louisiana. Furthermore, it was the testimony of Shirley May that at the time of the accident she was wearing shoes with heels on them that were somewhat spiked. As such, the Court finds that the accident was the result of Mrs. May's narrow heel slipping into the expansion crack in the sidewalk, becoming stuck, and causing her to fall. Also, the Court finds that the expansion crack itself was both reasonable in its width and necessary in the maintenance of the sidewalk (to prevent cracking in the concrete itself in the summertime heat). Although the Court sympathizes with Mrs. May's condition, it finds, for the above reasons, that her injuries were not the result of any negligence on the part of the City of Lafayette, either in the construction or the maintenance of the sidewalk in question.
Furthermore, the Court rejects plaintiffs' assertion that the City of Lafayette is strictly liable for the injuries complained of due to the sidewalks being under their control. To allow strict liability to apply to the present circumstances would lead to harsh results."
The record fully supports the trial judge's findings of fact. The photographs, to which reference was made in the above excerpted opinion, show that the expansion joint, or crack, only one-half inch wide, looked exactly like any other expansion joint common to and necessary in the construction of sidewalks in this part of the country. There were but two things about this particular joint that might be said to present an unusual feature. One was the slight difference in elevation between the slabs. That risk was not the cause of the fall, however, as the plaintiff herself said, and the trial judge found, that it was the shoe heel getting stuck in the joint, not tripping on the raised edge, that caused her to fall. The other feature of this joint that might (or might not) be abnormal is its openness; that is, it was not filled, or sealed, so as to render a perfectly smooth transition from the edge of one slab to the next one. Since this feature, the open crack, was unquestionably a cause-in-fact of this accident, the only disputed issue is whether this condition presented an unreasonable risk of harm to persons.
An essential element common to a finding of liability under either negligence (La. C.C. art. 2315) or strict liability (La.C.C. art. 2317), is proof that the conduct or defect presents an unreasonable risk of harm to others. Kent v. Gulf States Utilities Company, 418 So.2d 493 (La.1982). A city has a duty to maintain its streets and sidewalks in a safe condition for use by the public. Carr v. City of Covington, 477 So.2d 1202 (La.App. 1 Cir.1985). A sidewalk irregularity which presents an unreasonable risk of harm to users makes its owner and custodian liable for harm caused by the irregularity. Carter v. Board of Supervisors of Louisiana State University, 459 So.2d 1263 (La.App. 1 Cir.1984), writ denied, 462 So.2d 1248 (La.1985).
We agree with the trial judge in this case that the feature of the sidewalk that caused plaintiff's injuries did not pose an unreasonable risk of harm to persons.
The unreasonable risk of harm criterion is not a simple rule of law which may be applied mechanically to the facts of a case. Entrevia v. Hood, 427 So.2d 1146 (La. 1983). That there exists a case where a two and one-half inch sunken corner of a sidewalk, unnoticeable to a pedestrian, created an unreasonable risk of harm and was thus defective, as in Carter v. Board of Supervisors of Louisiana State University, supra, does not mean that every imperfection in a sidewalk falls mechanically into such a classification. Nor can a risk of harm created by a number of unforwarned and unfilled holes drilled at random in the slab of a sidewalk, Johnson v. Hartford *505 Accident & Indemnity Co., 476 So.2d 570 (La.App. 3 Cir.1985), writ denied, 479 So.2d 362 (La.1985), be equated in terms of social utility with regularly spaced, highly visible, functionally indispensable expansion joints in a sidewalk. The maintenance of a perfect sidewalk would require, among other things, that the filler material in every expansion joint be maintained at a precise level, and that each joint be exactly the same in width. In this climate, it is common knowledge that it would be impossible to keep a perfect sidewalk. Some inequalities and minor defects are bound to exist. That is why the city is liable only when the irregularity presents an unreasonable risk of harm. The judicial process of determining unreasonableness involves a balancing of the probability and magnitude of the risk against the utility of the thing. Hunt v. City Stores, Inc., 387 So.2d 585 (La. 1980).
In the present case the risk of harm was an expansion joint, common and necessary to sidewalks. The joint was not filled with a material that smoothly bridged the edges of its slabs. It therefore presented a risk of harm greater than would have been presented by a smooth surface. But the crack was no more than one-half an inch wide. The trial court applied the risk-utility test. It found that this crack was a reasonable and necessary one. The trial court weighed the probability and magnitude of the risk against the utility of a sidewalk with normal expansion joints. We can find no fault with the judicial process by which the trial judge measured the facts of this case in relation to the ideals of justice and social utility.
Plaintiff did not establish that there was a great probability of the happening of this particular type of accident. We have been able to find no reported decision in this State involving a sidewalk fall caused by an expansion joint. Perhaps the infrequency of such falls is explained by the prevalence of normal expansion cracks on sidewalks everywhere and a general public awareness that they are there.
We agree with the trial court that the risk posed was not unreasonable, and the defendant was not liable.
The judgment is, accordingly, affirmed at appellant's costs.
AFFIRMED.
LABORDE, J., dissents and assigns reasons.
LABORDE, Judge, dissenting.
Our brothers of the first circuit recently held that an unnoticeable sunken portion of a sidewalk created an unreasonable risk of harm to pedestrians. Carter v. Board of Supervisors of Louisiana State University, 459 So.2d 1263 (La.App. 1st Cir.1984), writ denied, 462 So.2d 1248 (La.1985). The Carter rule, in my view, applies with even greater force to a case where the sidewalk features, as here, not only a sunken portion, but also a lateral crack. As for the risk-utility analysis, upon which the majority properly relies, I am not at all satisfied that the City of Lafayette could not have installed a more socially beneficial sidewalk. Nor do I believe that imposition of liability here would require the impossible task of maintaining perfect sidewalks. Photographs of the scene establish that we are not dealing with a minor imperfection.
For the reasons expressed, I respectfully dissent.
NOTES
[*] Judge H. Ward Fontenot of the Thirty-Eighth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.