553 So.2d 488 (1989)
Kimberly Ann TUPPER and Jesse Tupper, Plaintiffs-Appellants,
v.
STATE FARM FIRE & CASUALTY COMPANY, et al., Defendants-Appellees.
No. 88-798.
Court of Appeal of Louisiana, Third Circuit.
December 13, 1989.
Tynes, Fraser, David A. Fraser, Lake Charles, for plaintiffs-appellants.
*489 Stockwell Sievert, Jeanne M. Sievert, Plauche, Smith, A. Lane Plauche, Lake Charles, for defendants-appellees.
Before GUIDRY, DOUCET, YELVERTON, KNOLL and KING, JJ.
KNOLL, Judge.
This appeal concerns a step-down fall. Kimberly Ann Tupper and her husband, Jesse Tupper, sued for damages allegedly sustained when Kimberly fell on September 15, 1985, at Zack's Famous Frozen Yogurt, an establishment owned by Ken McManus. Named as defendants were Ken McManus, d/b/a Zack's Famous Frozen Yogurt and his insurer, State Farm Fire & Casualty Company, as well as the franchisor, Zack's Famous Frozen Yogurt, Inc. (Zack's). A jury found Kimberly 70% at fault, the franchisor 25% at fault, the store owner 5% at fault, and awarded $4,866 total damages.
The Tuppers appeal, contending the jury was manifestly erroneous: (1) in its allocation of 70% fault to Kimberly; and, (2) in awarding inadequate damages.
McManus, State Farm, and Zack's answered the appeal, contending that the jury was manifestly erroneous in finding them negligent.
We reverse, finding the jury was manifestly erroneous in concluding that the defendants were negligent or that the premises were defective.

FACTS
On September 15, 1985, Kimberly entered Zack's Famous Frozen Yogurt store, owned by McManus at 3005 Highway 14 in Lake Charles, to buy two yogurts, one for her husband who was in the hospital, and one for herself. The floor of the store had split levels: on the same level as the entrance there are tables and chairs for customers to sit; and, on a platform four and one half inches higher than the regular floor are located the display case, service counter, and employees' work area. The platform, which ran the entire width of the store, extended two feet and eight inches from the service counter. Customers making purchases were required to step up onto this platform to place and receive their order. The edge of the platform where the patrons were required to step-up/step-down was marked at the top and front by a chrome strip and, except for the passageways where patrons step-up/step-down, the platform was divided from the remainder of the store with a large, visible handrail. Attached to this opinion are copies of two pictures, marked P-4 and P-5 for identification, which reflect the step-up/step-down scene where Kimberly fell.
Kimberly, a first time visitor to this store, stepped up to the service counter, received her order in a paper bag, and turned to leave. As she turned around to leave and took a step away from the counter, her foot landed half on and half off the platform. Kimberly fell, and allegedly hit her left knee and right elbow on the ceramic tile floor below.

LIABILITY
McManus, State Farm, and Zack's contend that the jury erroneously found them liable either under strict liability or negligence.
Owners of businesses who permit the public to enter their establishments have a duty to exercise reasonable care to protect those who enter. This duty extends to keeping the premises safe from unreasonable risks of harm and warning persons of known dangers. Rodriguez v. New Orleans Public Serv., Inc., 400 So.2d 884 (La.1981). An expected drop, or step-down, in the floor elevation, if it presents an unreasonable risk of harm, may expose the owner to liability to the persons injured by the condition. Johnson v. Acadiana Medical Center, Inc., 524 So.2d 811 (La. App. 3rd Cir. 1988).
The Tuppers urged liability under LSA-C.C. Arts. 2315 and 2317. In Carter v. Bd. of Sup'rs of Louisiana St. Univ., 459 So.2d 1263, 1265 (La.App. 1st Cir.1984), writ denied, 462 So.2d 1248 (La.1985), our brethren of the First Circuit stated:
"The owner or person having custody of immovable property has a duty to keep such property in a reasonably safe condition.

*490 This person must discover any unreasonably dangerous condition on the premises and either correct the condition or warn potential victims of its existence. This duty is the same under both the strict liability theory of LSA-C.C. art. 2317 and the negligence liability theory of LSA-C.C. art. 2315.
There is a difference in proof between these two theories of liability, however, in that under LSA-C.C. art. 2315, the plaintiff must show that the owner or custodian either knew or should have known of the risk, whereas under LSA-C.C. art. 2317, the plaintiff is relieved of proving scienter on the part of the defendant.
Under either theory of liability, the plaintiff has the burden of proving that: (1) the property which caused the damage was in the custody of the defendant; (2) the property was defective because it had a condition that created an unreasonable risk of harm to persons on the premises; and (3) the defect in the property was a cause-in-fact of the resulting injury. In both negligence and strict liability cases, the reasonableness of the risk is determined by balancing the probability and magnitude of the risk against the utility of the thing." (Citations omitted.)
Further, in Miller v. Broussard, 430 So.2d 330 (La.App. 3rd Cir.1983), writ denied, 434 So.2d 1093 (La.1983), we stated that the extent of the duty and the resulting degree of care necessary to fulfill that duty is the same under LSA-C.C. Art. 2317, strict liability, and under LSA-C.C. Art. 2315, ordinary negligence. In the case sub judice, since McManus and Zack's knew of the condition of the raised platform, it is not necessary for us to impose strict liability under LSA-C.C. Art. 2317; accordingly, we shall analyze the facts of this case under LSA-C.C. Art. 2315, ordinary negligence. Id. at page 335.
In Verrett v. Cameron Telephone Co., 417 So.2d 1319, 1325-1326 (La.App. 3rd Cir. 1982), writ denied, 422 So.2d 164 (La.1982), we further elaborated on the legal concept of "unreasonable risk of harm" and stated:
"In determining whether a thing poses an unreasonable risk of harm ... many facts are considered, including: (1) the probability of risk occurring, (2) the gravity of the consequences if it does, and (3) the burden of adequate precautions. Other related considerations include the social priorities attached to the particular conduct, the degree of culpability assignable to each party's conduct, the economic ability of the parties and their relationship to the instrumentality of injury, the foreseeability of the particular injury had the defect been known, the location of the incident, and the voluntariness or deliberateness with which the victim encounters the risk-creating thing."
In the present case, the Tuppers presented the expert testimony of an architect, who opined that the platform was deficient in several respects. The accepted standard or norm for riser heights on stairs and steps, according to this architect, is six and one half inches, while the step at issue was only four and one half inches. He also opined that the platform was too narrow for turning and taking a normal step before descending to the main floor.
McManus and Zack's presented the testimony of an expert architect who opined that the platform was safe, and that the platform provided adequate room for a customer to descend to the main floor.
A jury's findings of fact will not be disturbed on appeal in the absence of manifest error, and where there are two permissible views of the evidence, there is no manifest error in the fact finder's choice. Rosell v. Esco, 549 So.2d 840 (La.1989). After carefully reviewing the record, we find that the jury was manifestly erroneous in its conclusion that the platform presented an unreasonable risk of harm.
The record shows that it is undisputed that the platform was well lighted and had adequate handrails. It is also clear that the edge of the step-up/step-down was marked by a chrome strip and that the raised platform was divided from the remainder of the store with a large, obvious chrome handrail. Thus the evidence *491 shows that the step-up/step-down was apparent and that there was ample and visible marking of the step-up/step-down. The evidence further shows that although the Tuppers' expert architect testified that the riser height of the platform was too short, he ultimately concluded that since Kimberly's foot landed half on and half off the platform, the height differential in this case was irrelevant; a higher platform, i.e., one which would have complied with norms for standard riser heights, would simply have allowed her to fall farther.
Moreover, the evidence shows that even though this was Kimberly's first visit to this store, she knew that the platform was there because she had to first step up to reach the service counter. Kimberly told the jury that after her order was filled, she had a bag with her purchases in one hand and her purse on her shoulder. Kimberly testified that she was not distracted by anything, neither her clothing or purse nor people or conversations in the store. Likewise, there was no testimony that Kimberly was putting change away when she turned to leave the service counter. Moreover, Kimberly candidly admitted that she did not look down when she stepped down.
Therefore, on the record before us, we conclude that the jury was manifestly erroneous in its conclusion that the raised platform presented an unreasonable risk of harm. Not every minor imperfection or irregularity will give rise to liability. The defect must be of such a nature as to constitute a dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. Koppie v. Commercial Union Ins. Co., 478 So.2d 179 (La.App. 3rd Cir.1985), writ denied, 479 So.2d 922 (La.1985). In the present case, we find that had Kimberly been exercising ordinary care, this accident would not have happened.
For the foregoing reasons, the judgment of the trial court is reversed and set aside. IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Ken McManus, d/b/a Zack's Famous Frozen Yogurt, his insurer, State Farm Fire & Casualty Company, and Zack's Famous Frozen Yogurt, Inc. and against Kimberly Ann Tupper and Jesse Tupper, dismissing their claims with prejudice. Costs of trial and this appeal are assessed to Kimberly Ann Tupper and Jesse Tupper.
REVERSED AND RENDERED.
YELVERTON, J., dissents and assigns written reasons.
*492 
YELVERTON, Judge, dissenting.
The jury's verdict should be affirmed in all respects. Its finding that the step-up serving area presented an unreasonable risk of harm is a permissible view of the evidence. From the evidence, the jury could have reasonably believed that, although a customer standing on the platform had to know it was there, momentary forgetfulness could easily be induced by *493 preoccupation with selecting the order, paying for it, putting change away, picking up a purse in one hand and the purchase in the other, and turning to leave the serving area.
The platform's presence had no functional or aesthetic relation to the business of selling yogurt. The reason for it was explained by the testimony of McManus, the owner of the yogurt business. He testified that the building was not built for a Zack's store. The building was already there and it was adapted for a yogurt store. The reason for the platform was to house electrical conduit and other equipment that would normally be put under the floor. He explained that "[t]he concrete floor was already there" and "... to bust up the floor there was too expensive", and it "was more feasible to put the platform...."
Evidently the jury regarded the platform as a jerry-built adaptation to cut costs, which is exactly what McManus testified it was. The jury decided that there was no good reason why, in the business of retailing yogurt, a customer has to step up on a platform to buy it. The jury believed that the platform presented an unnecessary and unreasonable risk. The jury weighed the risk of a customer falling against the utility of the platform. Common sense and the testimony support the jury's verdict and it should be affirmed.