DOUCET, Judge.
This is an appeal from a trial court judgment awarding damages for a slip and fall under a strict liability theory upon a finding that the foyer floor of the Eunice Municipal Complex was unreasonably dangerous in rainy weather.
May 3, 1989 was a misty, drizzly day. Iris Doucet, a 73 year old retired person, went to the Eunice Municipal Complex to pay her gas bill. The Eunice Municipal Complex is entered through one of three doors into a terrazzo floored foyer. Nonskid mats line the floor from each entry door to a corresponding door into the lobby off which the municipal offices open. Mrs. Doucet was wearing corduroy house slip *520 pers. She walked on the back of the slippers rather than putting her heel inside the shoes. She entered the right hand foyer door into the foyer and crossed off the mat on her way to the left hand lobby door. As she crossed the area between the lines of mats, she slipped and fell, breaking her hip and injuring her arm and leg.
As a result, Mrs. Doucet filed suit against the City of Eunice (the City) under theories of both strict liability and negligence. The City filed a third party demand against Patrick Miller d/b/a Clean World Cleaning Service, who sold the polish used on the floor, The Carrol Company, who manufactured the polish, and Home Insurance Co.
A trial was held on April 8th and 9th, 1991. The claim against the City was tried to a jury. At the close of the plaintiff's and the City’s case, the third party defendant moved for a directed verdict. The trial judge granted the motion dismissing the City’s third party demand.
On June 20, 1991, the trial judge rendered judgment in favor of the plaintiff. The court apportioned fault for the accident 75% to the City and 25% to Mrs. Doucet. Damages were assessed as follows:
1) General Damages $120,000.00
2) Medical Expenses 21,572.99
TOTAL $141,572.99
The City appeals. Iris Doucet cross-appeals.
The difference between negligence and strict liability theories of recovery, is the proof that each requires.
Under a negligence theory, plaintiff must prove that the owner or custodian knew or should have known of the unreasonable risk of harm posed by the property. Under a strict liability theory, plaintiff is relieved of proving this knowledge. Carter v. Board of Supervisors of Louisiana State University, 459 So.2d 1263 (La.App. 1st Cir.1984), writ denied, 462 So.2d 1248 (La.1985); Kent v. Gulf States Utilities Company, 418 So.2d 493 (La.1982). Under either theory, the plaintiff has the burden of proving the following: (1) that the defendant had custody of the property causing the damage; (2) that the property was defective because it had a condition that created an unreasonable risk of harm; and (3) that the defect was the cause in fact of the injury. Carter v. Board of Supervisors of Louisiana State University, supra.
Waters v. McDaniel Recreation Center, 521 So.2d 788, 790 (La.App. 2 Cir.), writ denied, 524 So.2d 520 (La.1988).
The determining factor in this case is causation. On the facts before us, the plaintiff’s harm did not result from a defect in the floor.
In the ten years the Eunice Municipal Complex had been in use at the time of the trial there had been no other falls. The evidence shows that the City took all possible precautions to prevent falls on the premises. The floors were coated with a non-skid polish. The maintenance staff checked the floors every 15 to 25 minutes to be sure they were dry. Signs were posted warning visitors to watch their step. Non-slip mats lined the foyer from door to door. Although there was testimony that terrazzo will become slippery when wet, all the evidence indicates that the floor was dry.
On the other hand, Mrs. Doucet chose to leave her home on a wet day wearing corduroy house slippers, which were not completely on her feet. Dennis Howard, a safety consultant, was qualified as an expert in safety management with experience in slips and falls. He testified that the slippers worn by Mrs. Doucet had a sole with very little slip resistance. He stated that if wet, the sole would be very slippery. Sergeant Brett Faulkner, of the Eunice Police Department, investigated the accident. He testified that the floor was dry but that the soles of Mrs. Doucet’s shoes were wet. The evidence indicates that if Mrs. Doucet had not been wearing those shoes, the acci *521 dent would, more likely than not, not have happened. Further, had Mrs. Doucet remained on the non-skid mats provided for that purpose, she would not have fallen. As a result we are convinced that the accident occurred through the sole fault of Mrs. Doucet. Having so found, we need not reach the question of the correctness of the directed verdict in favor of the third-party defendants.
Accordingly, the judgment of the trial court finding the City at fault in the accident is reversed. Judgment is rendered in favor of the City of Eunice and against Iris Doucet, dismissing her demands at her cost. Costs of this appeal are to be paid by the plaintiff.
REVERSED AND RENDERED.
COOKS, J., dissents.